**SO ORDERED.**

**SIGNED this 24 day of October, 2024.**



_____
**Joseph N. Callaway**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# NEW BERN DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| MITCHELL D MCKENZIE | 23-02764-5-JNC |
| LYNN M MCKENZIE | CHAPTER 13 |
| DEBTORS | |

## MEMORANDUM OPINION ON CASE CONVERSION

The matter before the court is the motion of the Bankruptcy Administrator for the Eastern District of North Carolina (the "BA") filed July 31, 2024, seeking to convert this administratively joint chapter 13 to proceedings under chapter 7 of the Bankruptcy Code pursuant to 11 U.S.C. § 1307(c) (Dkt. 50; the "Motion to Convert"). No response was filed. A hearing was conducted on October 16, 2024, in Greenville, North Carolina (the "Hearing"). Brian C. Behr appeared for the BA, Ashley B. Curry appeared for the chapter 13 trustee, and Jonathan E. Freisen appeared for debtors Mitchell D. McKenzie and Lynn M. McKenzie (the "Debtors"), who did not appear or testify at the hearing. At the conclusion of the hearing, the court granted the Motion to Convert by short order (Dkt. 74; the "Conversion Order"), and the Debtors' chapter 13 case was converted to a joint proceeding under chapter 7 of the Bankruptcy Code. This memorandum further explains the reasoning behind the Conversion Order.

## JURISDICTION

The court has jurisdiction over the parties and the subject matter in this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. It is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), which the court may hear and determine. The court has constitutional authority to enter final judgment in this contested matter. *Wellness Int'l Network, Ltd., v Sharif*, 575 U.S. 665, 135 S. Ct. 1932, 1947 (2015).

## CASE HISTORY

Debtors are a married couple who reside in Bridgeton, North Carolina (Dkt. 1). They filed this chapter 13 case on September 21, 2023, along with a first proposed chapter 13 plan. A standard "Order and Notice to Chapter 13 Debtors" (Dkt. 10; the "Order and Notice") was issued shortly thereafter, which, among other things, contained the following provision:

> (4) Financial/Address Changes: You must notify your attorney and the trustee of any change of mailing address or employment. You must notify the court of any change in mailing address. You must also promptly notify your attorney and the trustee of any substantial changes in your financial circumstances, including substantial changes in your income, expenses, or property ownership.
>
> Examples of changes that would require you to give notice include, but are not limited to, if you (a) Get a raise or change jobs and your income changes substantially; (b) Move and your housing or utility costs change substantially; (c) Win the lottery; (d) Become entitled to inherit property; (e) Become entitled to combined tax refunds of $2,000 or more for any tax year. These obligations continue throughout the complete term of your chapter 13 plan. Contact your attorney for advice on whether a change is substantial and must be reported.

The Debtors filed a Second Amended Chapter 13 Plan on February 6, 2024 (Dkt. 37; the "Second Amended Plan"). No objections to confirmation were filed, and as such the Second Amended Plan was confirmed by declaration and order at a hearing on March 6, 2024 (Dkt. 42).

On June 25, 2024, the BA filed a Motion for Debtors to Appear for Examination and Production of Documents pursuant to Rule 2004 of the Federal Rules of Bankruptcy. (Dkt. 45).

2

An order granting that motion was entered two days later, requiring document production by July 10, 2024, and the appearance of Debtors for examination under oath on July 29, 2024 (Dkt. 46). In response, Debtors disclosed that Mr. McKenzie's father had given him a gift in the amount of $350,000.00 that had not previously been reported in the case schedules, reports, or other filings.

According to the facts set forth by agreement of the parties in a consent order entered July 15, 2024 (Dkt. 48; the "Consent Order"), the following pertinent facts are recited:

(1) Mr. McKenzie received a transfer of $350,000.00 (the "Funds") on or about December 11, 2023, from his father;

(2) The Funds were transferred or placed into a Wells Fargo Advisers Brokerage Account ending in #3287 (the "Brokerage Account") in the name of Mr. McKenzie;

(3) Mr. McKenzie subsequently purchased securities with the Funds, withdrew approximately $67,030.00 from the Brokerage Account, and received approximately $1,462.67 in income; and

(4) As of June 30, 2024, the Brokerage Account had a value of $284,461.44 (the "Proceeds").

The Consent Order directed Mr. McKenzie to liquidate the Brokerage Account and deliver the Proceeds (presumably net of costs) to his bankruptcy counsel, which amount would be held there in trust pending further orders of the court.

On July 31, 2024, Debtors filed a Motion to Voluntarily Dismiss Chapter 13 (Dkt. 49; the "Motion to Dismiss"). On July 31, 2024, the BA filed the Motion to Convert and an Objection (Dkt. 51) to the Motion to Dismiss the next day.  In the Motion to Convert, the BA asserts that the Debtors' failure to inform the chapter 13 trustee promptly of a substantial financial change demonstrated a lack of good faith constituting cause for the conversion of the case to a case under

3

chapter 7. The BA argues that if the Funds had been disclosed prior to confirmation, the trustee, creditors, or the BA would have objected to the confirmation of the Second Amended Plan. Debtors subsequently withdrew the Motion to Dismiss on October 14, 2024 (Dkt. 72). They did not respond to the Motion to Convert, nor did they elect to appear at the Hearing and testify. As a result, no evidence was presented, leaving the stipulated facts from the Consent Order in the case record. Given the lack of rebuttal evidence and for the reasons stated herein, the court entered the Conversion Order.

## DISCUSSION

### A.    The Motion to Dismiss

Pursuant to 11 U.S.C. § 1307(b), "On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter." *See Tidewater Fin. Co. v. Williams*, 498 F.3d 249, 252 (4th Cir. 2007) ("[A] debtor, as a matter of right, may at any time dismiss his Chapter 13 petition or convert it to a Chapter 7 proceeding."). The Fourth Circuit has not directly addressed whether this is an absolute and unqualified right, or whether allegations of bad faith and/or a pending motion to convert impacts this right. *In re Minogue*, 632 B.R. 287, 291 (Bankr. D.S.C. 2021). Courts considering the issue have differed. *Compare In re Hamlin*, 2010 WL 749809, at *10 (Bankr. E.D.N.C. Mar. 1, 2010) (finding when a trustee was "essentially trying to keep the debtors in chapter 13 against their will" with no motion to convert and no allegations of bad faith, debtors "ha[d] the absolute right to dismiss pursuant to § 1307(b)) *with In re Mattick*, 496 B.R. 792, 799 (Bankr. W.D.N.C. 2013) ("*Hamlin* is easily distinguishable from the case before this Court because in that case no motion to convert had been filed and there was no specific allegation of bad faith by the debtors."); s*ee also Gorman v. Abebe*, 2012 WL 6965718, at *6 (E.D.Va. 2012) ("Consequently, when a debtor

abuses the bankruptcy process, a court may find that her bad faith limits the right to dismiss under § 1307(b).").

Thus, while some cases hold a chapter 13 debtor holds the unilateral right to dismiss, these cases operate in the zone of good faith and full disclosure, where all assets and financial circumstances are revealed, and creditors and other stakeholders can make fully informed decisions on plan confirmation objections. Further, this issue need not be decided here because prior to the Hearing, Debtors withdrew their Motion to Dismiss.

### B. No Response to Contested Motion

With the Motion to Dismiss having been withdrawn, the remaining question is whether, under the Motion to Convert, the case should be converted to chapter 7 rather than outright dismissed. At the Hearing, Debtors' counsel opposed conversion and sought dismissal as the alternative. However, no written objection or other response in opposition was filed with respect to the Motion to Convert. Although Fed. R. Bankr. P. 9014(a) does not absolutely require a written response, if a litigant disputes the underlying facts in a Rule 9014 contested matter, the better practice contemplates a written objection, particularly when the contested motion is accompanied by a proper notice and warning that the requested relief may be granted if no objection is filed, which the BA filed here (Dkt. 52; Notice of Motion to Convert). *See* E.D.N.C. LBR 9014-1(a) and (e). Further, even if permitted to contest the matter at the Hearing with no written objection, Debtors did not appear at the Hearing to offer testimony or challenge the facts set forth in the Motion to Convert and as previously established in the Consent Order.

Section 1307(c) of the Bankruptcy Code provides that, upon request of the BA, a court may convert a chapter 13 case to a case under chapter 7 "for cause." 11 U.S.C. § 1307(c). While bad faith is not specifically enumerated within the examples given in Section 1307(c), courts have

found a lack of good faith to constitute cause warranting conversion. *See Marrama v. Citizens Bank of Mass.* 549 U.S. 365, 379 (2007) (noting bad-faith conduct constitutes "for cause" under § 1307(c)); *In re Alston*, 2008 WL 4093708, at *6 (Bankr. M.D.N.C. Aug. 27, 2008) ("While not specifically enumerated in § 1307(c), a bankruptcy case filed in bad faith may be dismissed or converted to chapter 7 "for cause."); *see also* 8 *Collier on Bankruptcy*, ¶ 1307.04[10] (16th 2024) ("Most courts have held that lack of good faith can be cause for dismissal or conversion of a chapter 13 case.").

### C. Cause Under § 1307(c)

The decision to dismiss a chapter 13 case or convert it to a chapter 7 under section 1307(c) involves a two-step process: "first the court determines that there is 'cause' for either action when looking at the totality of the circumstances, and second, the court determines whether dismissal or conversion is in the best interest of the creditors and the estate." *In re Broughton*, 2015 WL 13854913, at *8 (Bankr. E.D.N.C. Aug. 21, 2015). The burden of proof under § 1307(c) rests with the moving party, here the BA. *In re White*, 542 B.R. 762, 771 (Bankr. E.D.Va. 2015).

When considering the totality of the circumstances, among other factors, courts consider a "debtor's honesty in representing facts" and "debtor's financial situation" in determining whether a "debtor is attempting to manipulate the [Bankruptcy Code] rather than attempting honestly to repay his debts." *Deans v. O'Donnell*, 692 F.2d 968, 972 (4th Cir. 1982). Additionally, "the debtor's pre- and post-petition conduct and whether she has been forthcoming with the Bankruptcy Court are just a few of the factors that have been taken into consideration." *In re Richardson*, 649 B.R. 708, 714 (Bankr. D.S.C. Mar. 6, 2023); *see also In re Purdy*, 2023 WL 2938052 (Bankr. E.D.N.C. Apr. 13, 2023) (finding cause existed to dismiss a case under

6

§ 1307(c) following a violation of local rules, an order and notice to debtor, and the fraudulent actions of the debtor).

Via the Order and Notice, Debtors were informed they had an absolute continuing duty to notify their attorney and the trustee of any substantial changes in financial circumstances. Receiving a six-figure "gift" certainly qualifies as a reportable incident. The BA points out that Debtors received the Funds in December of 2023, but the Second Amended Plan was not filed until February of 2024. It does not disclose the receipt of Funds, nor does it or the Consent Order reveal when Mr. McKenzie became aware he would or was going to receive the Funds.

Debtors' unsupported opposition at hearing was "too little, too late" to refute the lack of timely revelation. Their post-petition conduct cannot be characterized as forthcoming, and their reticence in disclosure demonstrates either a breach of duty to disclose or an outright intent to conceal. Consequently, this apparent lack of good faith is sufficient to support a finding of "cause" under Section 1307(c).

**D. Conversion Instead of Dismissal**

Having found that cause exists under Section 1307(c), the court must determine whether the case should be dismissed or converted to a case under chapter 7, a question which hinges on "whichever is in the best interests of creditors and the estate." *Id.*  Courts have considered a variety of factors when weighing the options under Section 1307(c). *See In re Broughton*, 2015 WL 13854913, at *13-14 (determining that conversion was the appropriate result because dismissal would likely only benefit secured creditors, whereas conversion provided an opportunity to maximize the value of the debtor's real property for the benefit of all creditors); *In re Blackmon*, 628 B.R. 804, 811 (Bankr. D.S.C. 2021) (finding conversion was warranted when no party in interest requested dismissal and assets were available to satisfy claims against the estate).

## CONCLUSION

Here, the BA argues Debtors' failure to inform the chapter 13 trustee of a substantial financial change constitutes a lack of good faith warranting conversion (Dkt. 50). The court agrees. Debtors filed no written objection and did not present sworn testimony or other evidence to establish the actual origin and circumstances concerning the Funds. If the case were dismissed instead of converted, jurisdiction and control over the Proceeds would be lost. Too many unanswered questions remain as to the origin of the Funds and rightful disposition of the Proceeds for that to happen. What Debtors knew and when they knew it is an open question. Conversion retains jurisdiction over the Proceeds, and the Bankruptcy Code equips a chapter 7 trustee with powerful tools to get to the heart of a matter. Converting this chapter 13 case to one under chapter 7 per the Conversion Order was and remains in the best interest of creditors and the estate. Debtors' counsel is DIRECTED, under pain of contempt, to retain the Proceeds in his firm's trust pending further orders of the court.

**END OF DOCUMENT**